**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1764**

ANA LIANA; ANDY MANTJOENG; YANI MANTJOENG; SICILIA
MANTJOENG; HANJOKO SETIAWAN,

Petitioners,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  March 10, 2011          Decided:  March 21, 2011

Before WILKINSON, DUNCAN, and DAVIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

H. Glenn Fogle, Jr., THE FOGLE LAW FIRM, LLC, Atlanta, Georgia,
for Petitioners.  Tony West, Assistant Attorney General, Paul
Fiorino, Senior Litigation Counsel, Judith R. O'Sullivan, Office
of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ana Liana, her husband, Andy Mantjoeng, their married daughter, Sicilia Mantjoeng, their unmarried daughter, Yani Mantjoeng, and Sicilia's husband, Hanjoko Setiawan (collectively "Petitioners"), natives and citizens of Indonesia, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's denial of their requests for asylum and withholding of removal.

Before this court, the Petitioners challenge the determination that they failed to establish their eligibility for relief. They contend that the credibility determination was not supported by specific and cogent reasoning and that the Board and the immigration judge erred in concluding that they failed to establish past persecution or a well-founded fear of future persecution in Indonesia on account of their Chinese ethnicity and Christian religion.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the

2

[Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This Court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the evidence of record and conclude that substantial evidence supports both the agency's adverse credibility determination and the finding that the Petitioners failed to demonstrate either past persecution or a well-founded fear of future persecution in Indonesia. We therefore uphold the denial of their requests for asylum and withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

3

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4